IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01371-BNB

STEVEN LEE SWALLOW,

Applicant,

v.

J. M. WILNER, Warden, FCI Florence, CO,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 31 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Steven Lee Swallow is a prisoner in the custody of the United States Bureau of Prisons (BOP) at FCI Florence. Mr. Swallow has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Swallow is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Swallow is challenging the BOP's use of the Inmate Financial Responsibility Program (IFRP) to require him to pay court-ordered restitution in his criminal case. He alleges that the BOP lacks authority under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3664(f)(2), to fix a schedule for payments during the time that he

is incarcerated at the BOP. Mr. Swallow further asserts that on December 20, 1995, he was sentenced to the time to which he now is serving and was ordered to pay restitution pursuant to the MVRA. Mr. Swallow also asserts that any further attempt to exhaust his administrative remedies would be an exercise in futility, because Respondent has taken the position that Applicant is not entitled to the relief he requests.

The Court will not address the exhaustion issue. Even though Applicant concedes he has failed to exhaust his administrative remedies, in the interest of judicial economy, the Court will proceed to decide the merits of Applicant's claims. 28 U.S.C. § 2254(b)(2); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding)

The Inmate Financial Responsibility Plan (IFRP) became effective in 1987 to encourage inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10; *see Prows v. Department of Justice*, 938 F.2d 274, 275 (D.C. Cir. 1991) (per curiam). Court-ordered special assessments and restitution specifically are included among the various obligations that are subject to collection through the IFRP. *See* 28 C.F.R. § 545.11(a)(1) & (2). The restitution statute, 18 U.S.C. § 3664, was amended by the MVRA in 1996. The amendments do not apply to prisoners who were convicted before the 1996 enactment. *See United States v. Olson*, 104 F.3d 1234, 1237 n.2 (10th Cir. 1997). Subparagraph (f)(2) was added to § 3664 under the MVRA in 1996. Because Mr. Swallow was sentenced in 1995 nothing in § 3664(f)(2) applies to him.

The BOP has authority to require Mr. Swallow to participate in the IFRP because the IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts." *Johnpoll v. Thornburgh*, 898 F.2d 849, 850 (2$^d$ Cir. 1990) (per curiam); *see Phillips v. Booker*, 76 F. Supp. 2d 1183, 1192-93 (D. Kan. 1999); *Prows v. United States Dep't of Justice*, 704 F. Supp. 272, 274-75 (D.D.C. 1988); *aff'd*, 938 F.2d 274 (D.C. Cir. 1991). Furthermore, "[e]very court to consider a challenge to the IFRP's constitutionality has upheld it." *Davis v. Wiley*, 260 F. App'x 66, 68 (10th Cir. Jan. 2, 2008) (citations omitted) (unpublished). "In sum, the BOP is thus within its constitutional authority to establish and enforce payment amounts [Mr. Swallow] must make towards the court-ordered . . . restitution." *Id.* at 69.

Furthermore, contrary to Mr. Swallow's assertion that he only is challenging the execution of his sentence, this Court finds that in part he also challenges the validity of his sentence. Mr. Swallow cites to the restitution order entered by the sentencing court and argues that the order does not set a restitution payment schedule but delegates the authority to establish a payment schedule to the U.S. probation office. (Application at 2.) He further contends that under the MVRA only the sentencing court has the authority to set a restitution payment schedule. (Application at 4.) The Applicant, therefore, concludes that because the sentencing court did not set a payment schedule he is exempt form making restitution payments during his incarceration.

As stated above, the determination of Mr. Swallow's restitution payments is not subject to the MVRA. Furthermore, to determine the proper reading of the sentencing court's restitution order, Mr. Swallow must raise the issue with the sentencing court,

which it appears that he did on March 6, 1998. *See United States v. Swallow*, No. 94-cr-00135-WFD-1, Doc. No. 98 (D. Wyo. Dec. 26, 1995) (Mr. Swallow requested sentencing court to set order of payments and court denied request) (unpublished). This Court lacks jurisdiction over any challenge to a federal prisoner's sentence. Any challenge to Mr. Swallow's restitution order must be asserted in the sentencing court. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Therefore, based on the above findings, the Court concludes that the Application lacks merit and must be denied. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed. It is

FURTHER ORDERED that Applicant's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, (Doc. No. 4), is denied as moot.

DATED at Denver, Colorado, this 30 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-01371-BNB

Steven L. Swallow
Reg. No. 05525-091
FCI - Florence
PO Box 6000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/31/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk